IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
_____ DIVISION

| | |
|---|---|
| BARRY G. THUNDER,<br><br>Plaintiff,<br><br>v.<br><br>JIM SALMONSEN, MSP SERGEANT, HOTCHKISS, MSP CORRECTIONAL OFFICER, TAYLOR, AND DOE'S 1-10,<br><br>Defendants. | Cause No._____<br><br>COMPLAINT AND JURY DEMAND |

## Introduction

This is an action for deprivation of civil rights under color of law and other wrongful acts. Plaintiff Barry G. Thunder, has been the victim of a continuing vendetta against him by the Defendants while he was incarcerated at the Montana State Prison (MSP), which now includes an unfounded pretextual Disciplinary Infraction Report (write up) that resulted in lost and damaged personal property including sacred eagle feathers that he used during prayer, for which the Defendants are liable under the United States Constitution and laws.

## Parties

1. The Plaintiff, Barry Glenn Thunder, is an enrolled member of the Spirit Lake Nation, a citizen of the State North Dakota, and a North Dakota Department of Corrections inmate housed at the MSP in Deer Lodge, Montana. Since childhood, he has taken part in most if not all of his tribes religious practices, to the extent allowed by his current incarceration he regularly engages in and practices said religion. Of which; eagle feather/parts, play a central role in the sincere and meaningful observance.

2. At all relevant times, Defendant Jim Salmonsen was the MSP Warden. He is a citizen of the State of Montana and a resident of a County in the same.

3. At all relevant times, Defendant (first name unknown) Hotchkiss was a MSP Sergeant. He is a citizen of the State of Montana and a resident of a County in the same.

4. At all relevant times, Defendant (first name unknown) Taylor was a MSP Correctional Officer (CO). He is a citizen of the State of Montana and a resident of a County in the same.

5. Defendants 1-10 are individuals whose identities and capacities are as yet unknown to Plaintiff, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged herein and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged herein. The true names and capacities of the Doe Defendants will be substituted as they become known.

6. All are being sued in their official and individual capacities.

7. All of the Defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

## Jurisdiction

8. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 42 USC §1983, 28 USC §1331, 28 USC §1343, and 42 USC §1988.

9. Venue is proper in this Court Pursuant to 28 USC §§ 1391(e) and 1402(b) and LR 3.2.

## Facts

10. Since 2-8-24, Plaintiff has been using the MSP Grievance process to bring attention to Defendant Hotchkiss's harassment of him [see Exhibit 1], unfortunately to no avail. In particular, Defendant Hotchkiss has ordered CO's under his command to search and harass him and his property.

11. This harassment has culminated in a 2-28-24 write up by Defendant Taylor

2

for possession of contraband, an offense he plead guilty to and given a fine for as well as ordered to write a 100 word apology. See EXHIBIT 2.

12. Displeased with Plaintiffs' apology, Defendant Hotchkiss issued him a Major write up for it. See EXHIBIT 3. Plaintiff was found guily of this write up.

13. Plaintiff, again, sought to use the MSP Grievance process to remedy the harassment, neither of which was processed. See EXHIBIT 4 & EXHIBIT 5.

14. On 3-25-24, Plaintiff was using the phone while waiting for the medication line to shorten so that he could get his meds. when CO Grigsby came to the area where the medication line and phones are and started saying Thunder, Thunder. It was that Defendant Taylor looked at Plaintiff and asked if he was taking his meds.

15. The Plaintiff told Defendant Taylor that he was not going to be taking his meds., and ended his phone call and left the area.

16. Defendant Taylor issued a write up as a result of the interaction just described, in which he alleged that he called for lockdown (for count) and the Plaintiff did not listen to his order on the night in question and atleast "6" other times. He further alleged that the Plaintiff stated to staff "who the fuck is talking to me!" which created a spectacle. See EXHIBIT 6. Even though the write up's Major 4208 and Major 4213 are not "mandatory" Pre-Hearing Confinement infractions, Defendant Taylor placed the Plaintiff in the hole for them.

17. As a result of being placed in Pre-Hearing Confinement and/or the hole, all of the Plaintiff's personal property was taken and boxed up (confiscated) by MSP CO's, Grigsby and an unknown CO. During this process, the Plaintiff's cell-mate observed both CO's treat the Plaintiff's personal property with disrespect. He observed them swipe property into a big cardboard box and take his drawers out and shake them also into the same box.

18. 3 days later, at the Disciplinary Hearing Plaintiff plead Not Guilty to the infactions alleged in Defendant Taylor's write up. The MSP Disciplinary Hearing Officer, after reviewing the "Investigation Report/Video" Dismissed

Defendant Taylor's write up and found Plaintiff Not Guilty, because the "Video Evidence does not support Infraction". After which he was released from the hole.

19. After returning back to his previous housing assignment that the Plaintiff discovered that several of his personal property items were broken and missing, this included Native American religious items like his 5 eagle feathers.

20. The MSP and its employees, like the Defendant's, have a history of being disrespectful to Native American religious articles. In fact, Defendant Taylor is known to have broken a Blackfeet tribal members eagle feathers during a search of his cell. The inmate (known only as Gallager) was given two eagle wings for use during prayer at the MSP and gifted the Plaintiff with 3 of the 5 lost/destroyed eagle feathers. Also, recently Defendant Salmonsen and the MSP Religious Activities Coordinator, Terrie Stefalo cancelled a long awaited prison pow wow days before the 2023 Thanksgiving holiday. See EXHIBIT 8. Plaintiff found the other 2 feathers (eagle) on the prison grounds.

21. The five eagle feathers Plaintiff had were not listed on the inventory list of things taken when he went to the hole.

22. Plaintiff has not been able to pray in a sincere and meaningful manner since the loss/destruction of his eagle feathers, this because it his religious belief that his prayers cannot reach the Creator without the traditional eagle messenger delivering them for divine supplication.

23. As a result he has filed 2 MSP Inmate/Offender Grievance Forms that deal with his damaged/lost/destroyed personal property. The first, deals with general property, and to-date has not been answered. See EXHIBIT 9. The second, concerns the eagle feathers and was not processed (accepted) by MSP staff. See See EXHIBIT 10. Plaintiff has no other remedy available to him regarding his lost/destroyed eagle feathers.

Claim 1

42 USC § 1983

4

24. Plaintiff hereby incorporates all prior paragraphs as though restated herein.

25. Thunder was engaged in protected activity at the MSP during the times leading up to the events dsecribed herein as he was using the MSP Grievance process against some of the named Defendants.

26. As a result of his use of the MSP Grievance process, the Defendants engaged in a retaliatory vendetta against him, which culminated in an unfounded write up being issued against him.

27. This misconduct of Defendants in knowingly filing a false write up against Thunder violated the First Amendment of the United States Constitution and other applicable law.

28. As a direct and proximate result of this misconduct, Thunder had his personal property damaged, lost, or destroyed, and was deprived of his constitutional rights and human dignity, for which Thunder is entitled to recover compensatory damages from Defendants in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

29. Defendants are not entitled to qualified immunity because the law is clearly established that it is a Due Process and First Amendment violation of a prison official to issue false write up's in retaliation for an inmate's use of the prison grievance process regarding prison issues.

30. Thunder, because of Montana Department Corrections/MSP policy, cannot file a grievance concerning write up's.

31. Thunder is entitled to recover attorney's fees from Defendants under 42 USC §1988.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

    1. For judgment in such amounts as shall be proven at the time of trial.

2. For an award of attorney's fees and costs as provide by any applicable provision of law.

3. For such other and further relief as the Court deems just and equitable.

Respectfully submitted on this 14th day of April, 2024.

_____
Barry G. Thunder
Plaintiff - Pro se

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Dated this 14th day of April, 2024.

/s/ Barry G. Thunder